IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Marvin Galbreath, #131740,<br><br>Petitioner,<br><br>v.<br><br>Larry Cartledge,<br><br>Respondent. | )<br>)  Civil Action No: 1:14-110-RMG<br>)<br>)<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court grant respondent's Motion for Summary Judgment. (Dkt. No. 27). Petitioner was advised of his right to file written objections to the R & R within 14 days of service of the R & R and that a failure to file written objections would result in limited review by the District Court and a waiver of the right to appeal from the decision of the District Court. (Dkt. No. 27 at 41). Petitioner filed written objections to the R & R that were received by the Court on March 10, 2015, apparently after being returned for insufficient postage. (Dkt. No. 32). Upon consideration of Petitioner's objections, the Court now withdraws its prior order and files this order in its place.

## Background

Petitioner is a state prisoner convicted by a state court jury of murder and possession of a firearm during the commission of a violent crime. He was sentenced to concurrent sentences of 30 years on the murder charge and 5 years on the gun charge. He subsequently pursued unsuccessfully a direct appeal and post-conviction relief regarding these convictions and thereafter filed this petition for a writ of habeas corpus in the United States District Court. The

petition asserted 10 separate grounds for habeas relief. The Magistrate Judge, in an order totaling 40 pages, carefully and thoroughly addressed each of the Petitioner's grounds, found each lacked legal merit and recommended that the Respondent's motion for summary judgment be granted. (Dkt. No. 27).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a *de novo* determination of those portions of the R&R to which specific objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Where no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Further, the Court may adopt the Magistrate Judge's analysis and recommendation without explanation. *See, Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

The Court has carefully reviewed the parties' briefing, the record in this case and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative

facts in this matter. The objections filed do not point to any specific error in the R & R; Petitioner merely reiterates his prior arguments and objects to the fact that the Magistrate Judge failed to adopt his reasoning. (Dkt. No. 32 at 2-8). The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 27) as the order of this Court. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 17) is **GRANTED**. Therefore, this petition is dismissed with prejudice.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right;

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. Section 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. Daniel*, 429 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of the certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 13, 2015
Charleston, South Carolina